WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Kuramoto,<br><br>Plaintiff,<br><br>v.<br><br>Heart and Vascular Center of Arizona PC,<br><br>Defendant. | No. CV-20-00113-PHX-SMB<br><br>**ORDER** |

Pending before the Court are cross-motions for summary judgment. The Plaintiff, Mr. Kuramoto filed a motion for summary judgment on each of his three claims. (Doc. 36.) Defendant, Heart and Vascular Center of Arizona PC ("HVCA"), responded, (Doc. 45), and Plaintiff replied. (Doc. 47.) HVCA also filed its own motion for summary judgment, (Doc. 43), to which Plaintiff responded, (Doc. 48), and HVCA replied. (Doc. 50.) The Court heard oral argument on May 12, 2021 and took this matter under advisement. Having examined the pleadings and applicable law, the Court renders the following decision.

**I.     BACKGROUND**

**A. Factual Overview**

Plaintiff brings this case alleging a federal claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), as well as state law claims under the Arizona Fair Wages and Healthy Families Act, A.R.S. §§ 23-350, *et. seq.* ("Fair Wages Act"), and the Arizona Employment Protection Act, A.R.S. §§ 23-1501 *et seq.* ("AEPA"). Plaintiff was formerly employed by HVCA as a medical assistant. While employed by

HVCA, Plaintiff was involved in an automobile collision. Though he initially tried to return to work, Plaintiff developed several symptoms and was seen by multiple medical professionals for diagnosis and treatment. Citing his symptoms, Plaintiff requested FMLA leave from his position with HVCA. The parties communicated back and forth for several weeks with various emails related to the approval of Plaintiff's FMLA request. However, Defendant eventually denied Plaintiff's FMLA request citing Plaintiff's alleged failure to return the necessary paperwork. Defendant then terminated Plaintiff's employment.

The undisputed facts are as follows: The Plaintiff, Christopher Kuramoto, began working for HVCA in December of 2017 as a medical assistant. On January 10, 2019, Plaintiff was involved in an automobile collision.[1] (Doc. 46 at 5.) After the collision Plaintiff developed symptoms and requested FMLA leave on or around January 21, 2019. The same day that Plaintiff requested FMLA leave, he was emailed a Notice of Eligibility and Rights and Responsibilities FMLA form pursuant to 29 CFR 825.300(c), as well as a blank WH-380 Healthcare Provider Certification form for the Plaintiff to return. The materials sent to Plaintiff informed him that it was his responsibility to return a certification from his healthcare provider by February 5, 2019.

The procedures for obtaining FMLA leave were also laid out in Section 11 of the Defendant's Employee handbook, which stated in pertinent part that:

---

[1] Defendant has objected to many of the facts recited in Plaintiff's statement of facts ("SOF") solely based on the fact that Plaintiff's evidence comes in the form of an affidavit. Defendant simply asserts that "Plaintiff's Declaration is inadmissible hearsay which is unsupported by documentation." It is well-established that a party's sworn affidavit is a proper form of evidence that may be considered on summary judgement. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); *accord Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Of course, there are circumstances where a court may disregard a self-serving affidavit at the summary judgment stage. *Nilsson v. City of Mesa*, 503 F.3d 947, 952, n. 2 (9th Cir. 2007). But this is generally only the case when an affidavit is not only self-serving but also "conclusory…lacking detailed facts and any supporting evidence[.]" *Id*.; *see also SEC v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) ("declarations oftentimes will be 'self-serving' – '[a]nd properly so, because otherwise there would be no point in [a party] submitting [them]…").

> Where the need for leave is unforeseeable, the employee must give notice as soon as practical. Any leave request based on a family member's or employee's own serious health condition must be supported by certification from a healthcare provider. The employee must provide a copy of the certification to Heart and Vascular in a timely manner. (Fifteen calendar days will be allowed to provide the certification.) Heart and Vascular will use Form WH-380 for certification from the health care provider. All appropriate information must be provided on Form WH-380. Failure to provide the certification in a timely manner will result in denial of the leave until the certification is provided. Heart and Vascular will notify the employee if the certification is incomplete and the employee must provide the additional information.

After this initial communication regarding his leave, Plaintiff and Defendant engaged in regular communications regarding his injuries and symptoms. The Plaintiff was seen by several medical professionals between January 21 and January 24, 2019, and in the weeks following the accident he sent multiple copies of medical records to the Defendant. On January 14, 2019, Plaintiff submitted twenty-five pages of medical records, on January 16, 2019, he submitted a letter from one of his medical providers. On January 23, 2019, Plaintiff sent fifteen pages of medical records from his emergency room visit the day of the accident to Defendant. In addition to sending records, Plaintiff sent multiple emails telling Defendant of his scheduled appointments and recommended treatment. On January 25, 2019, Plaintiff submitted an "employee work status report" from one of his doctors which indicated the Plaintiff could not be released to work until February 8, 2019. On February 4, 2019, Plaintiff sent a second "employee work status report" by the same doctor. That same day, Defendant reminded Plaintiff he still needed to return his FMLA paperwork and extended the due date for his FMLA paperwork.

Plaintiff responded to this request for FMLA paperwork by resending his doctor's "employee work status report" on February 7, and February 11, 2019. On February 11, 2019, Defendant reiterated to Plaintiff that he needed to return a filled-out version of WH-380 FMLA form that had been provided to him after his initial request for FMLA leave. In the same communication, Defendant extended due date of the Plaintiff's WH-380 FMLA

1  form to February 15. On February 14, Defendant confirmed that it had received Plaintiff's
2  medical documents, but stated these were "not a substitute for your FMLA paperwork."
3  That same day, Plaintiff emailed the Defendant stating that he would forward the
4  completed WH-380 form as soon as he received it back from his physician. Defendant's
5  representative responded stating the documentation was due by the next day and that in
6  light of the multiple extensions previously given to Plaintiff they would not accept
7  documents submitted after that date. Plaintiff never submitted any WH-380 form to the
8  Defendant. On February 19, 2019, Defendant terminated Plaintiff's employment.

9  **B. Procedural Background**

10  After his termination, Plaintiff filed this action asserting multiple claims against his
11  former employer. Count one of Plaintiff's complaint alleged Defendant wrongfully
12  interfered with Plaintiff's use of FMLA leave. Count two of Plaintiff's complaint alleged
13  Defendant had violated the Fair Wages Act in a number of ways, including by terminating
14  his employment in retaliation for his use of earned paid sick leave. Count three of the
15  Plaintiff's complaint asserted that Defendant had violated the AEPA by terminating
16  Plaintiff in violation of an Arizona law.

17  Discovery in the case closed on October 27, 2020, and subsequently both Plaintiff
18  and Defendant filed separate motions for summary judgement. Defendant argues that
19  Plaintiff's FMLA interference claim fails as a matter of law because he was not entitled to
20  FMLA leave due to his failure to return the requested WH-380 Healthcare provider
21  Certification Form. Defendant further argues that because Plaintiff was not entitled to
22  FMLA leave, his retaliation claim under the Fair Wages Act must fail. Defendant argues
23  that because Plaintiff was absent from work for an extended time without cause and as such
24  it had a permissible reason to terminate him. Finally, Defendant argues that Plaintiff's
25  claim under the AEPA cannot survive because that act by its own text limits the available
26  remedies to situations where no other remedy is available.

27  Plaintiff's motion argues it is entitled to summary judgment on its FMLA claim
28  because an employer is not allowed to demand that healthcare certification be given in any

particular form. He further argues that even if the records he provided were insufficient to constitute an adequate certification, the Defendant had a duty under the FMLA regulations to inform him of any deficiency and give him sufficient opportunity to correct it. With regard to his claim under the Fair Wages Act, Plaintiff argues the act itself states that firing any employee within ninety days after the employee took protected sick leave raises a legal presumption that the termination was retaliatory.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id*. at 1103. The nonmovant need not establish a material issue of fact

conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the nonmovant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the nonmoving party, *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

### III.　ANALYSIS

#### A. FMLA Interference

The Defendant is entitled to Summary Judgement because Plaintiff cannot show he was entitled to FMLA leave absent the submission a healthcare provider certification. To substantiate a claim of FMLA interference, a plaintiff must prove that (1) he was eligible for FMLA protections, (2) his employer was covered by the FMLA, (3) he was entitled to take leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him leave to which he was entitled. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). Here, both parties agree that the Plaintiff's position rendered him eligible for FMLA leave, that his employer was covered by the FMLA, and that the employee provided sufficient notice of his intent. (Doc. 43 at 7.) What the parties dispute is whether the Plaintiff was entitled to take leave under the FMLA, and by extension whether his employer denied him leave to which he was entitled. (*Id.*)

#### i. FMLA Certification Regulations

The entirety of the parties' dispute hinges upon whether or not Plaintiff has

submitted a healthcare provider certificate under the FMLA regulations. As a prerequisite to granting FLMA leave, the employer may require the employee support his need for FMLA leave "by a certification issued by the health care provider of the employee." 29 C.F.R. § 825.305(a). "It is the employee's responsibility either to furnish a complete and sufficient certification…" 29 C.F.R. § 825.305(d). Unless the employer provides a longer timeline, "[t]he employee must provide the requested certification to the employer within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.305(b).

"In all instances in which certification is requested, it is the employee's responsibility to provide the employer with complete and sufficient certification and failure to do so may result in the denial of FMLA leave." 29 C.F.R. 825.306(e). However, this is only grounds for denial if the employer has fulfilled their obligations under the regulations. *See, e.g.*, 29 C.F.R. 825.305(c)-(d). The employer must "advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient." 29 C.F.R. 825.305(c). "The employer must provide the employee with seven calendar days (unless not practicable under the particular circumstances despite the employee's diligent good faith efforts) to cure any such deficiency." *Id*. If the employee fails to provide the employer with a complete and sufficient certification…or fails to provide any certification, the employer may deny the taking of FMLA leave[.]" C.F.R. 825.305(d).

The employer is only required to give notice and an opportunity to cure a deficient certification when the employee submits a certification that is "incomplete or insufficient." "A certification is considered incomplete if the employer receives a certification, but one or more of the applicable entries have not been completed. A certification is considered insufficient if the employer receives a complete certification, but the information provided is vague, ambiguous, or non-responsive." C.F.R. 825.305(c). "A certification that is not returned to the employer is not considered incomplete or insufficient, but constitutes a

failure to provide certification." *Id.* If an employee fails to timely return the certification, the employer can deny FMLA protections for the leave following the expiration of the 15-day time period until a sufficient certification is provided. If the employee never produces the certification, then the leave is not FMLA leave. 29 C.F.R. 825.313(b).

The Department of Labor has developed forms for use in obtaining medical certification from health care providers that meet FMLA's certification requirements." 29 CFR 825.306(b). Form WH-380E is the optional form available for use when the employee's need for leave is due to the employee's own serious health condition. *Id.* The employer's decision to use the form is optional, and an employer is free to use another form containing the same basic information, when seeking a certification. *Id.*

**ii. Adequacy of Plaintiff's Submission**

In the present case, Defendant responded to Plaintiff's FMLA request by immediately sending him a blank Form WH-380E together with a 29 CFR 825.300(c) Notice of Eligibility and Rights and Responsibilities informing him that a healthcare provider certification was required as a prerequisite to approval of his leave. It is also undisputed that Defendant's employee handbook clearly states that "[a]ll appropriate information must be provided on Form WH-380" and "[f]ailure to provide the certification in a timely manner will result in denial of the leave until the certification is provided." (Doc. 49 at 2.) Defendant gave Plaintiff multiple extensions to return the form, and informed him on multiple occasions that his doctors notes and medical records were not a substitute for the Form WH-380E certification. Despite multiple warnings and extensions Plaintiff never submitted any WH-380 form. The regulations are clear that if an FMLA certification is never produced by the employee than the leave does not qualify as FMLA leave. 29 C.F.R. 825.313(b). As such, Plaintiff's claim form FMLA interference fails because he has not shown he was entitled to FMLA leave.

While Plaintiff fully admits that he never submitted WH-380 certification form, Plaintiff argues that Defendant is not allowed to require the certification be submitted on a WH-380 form. Plaintiff argues that Defendant must accept the various medical records and

doctors notes he emailed to Defendant as an adequate certification. (Doc. 36 at 9.) The Court, however, does not agree. The FMLA's purpose was to promote an employee's ability to take necessary medical leave "in a manner that accommodates the legitimate interests of employers[.]" 29 U.S.C. § 2601(b)(3). Plaintiff's position that he couldsimply foist a stack of documents onto the Defendant and expect Defendant to pick through the medical records and piece together the information needed to fulfil FMLA's certification requirements is insufficient for this purpose and fails to meet the requirements of the FMLA regulations. *See* 29 C.F.R. 825.305(d) (placing the burden of producing a certification on the employee); 29 C.F.R. 825.306(b) (noting the employer may choose to use form WH-380 or may choose to use some other equivalent form.).

Plaintiff also argues that Defendant was required to notify him of any deficiency in his healthcare provider certification and to provide him seven days to cure any deficiency. *See* 29 C.F.R. 825.305(c). However, an employer is only required to give notice and an opportunity to cure, when the employee submits a certification that is "incomplete or insufficient" not when the employee failed to return the certification at all. *Id*. In the present case, the Court has found that Plaintiff's stack of medical documents did not qualify as healthcare provider certification. As such, Defendant was not required to give notice and an opportunity to cure. Summary Judgement for the Defendant is appropriate on this claim.

### B. Arizona Fair Wages and Healthy Families Act

Plaintiff's second claim argues that Defendant's termination of his employment violated Arizona's Fair Wages Act.[2] Under Arizona law, it is unlawful for an employer to

---

[2] Plaintiff's briefing asserted other claims under the Fair Wages Act, including that HVCA has violated the Fair Wage Act by (1) failing to give employees notice of their rights under the law, (2) by failing to provide employees with adequate written information regarding their Earned Paid Sick Leave ("EPSL"), (3) by counting the use of paid sick leave as an absence which might lead to discipline, (4) by failing to accept Plaintiff's documentation from a qualifying healthcare provider, and (5) by demanding documentation from plaintiff regarding his use of EPSL before he had been absent for three consecutive days. (Doc. 36 at 14-15.) However, at oral argument when the Court asked the Plaintiff about his state law claims, counsel indicated he was only going forward with his Fair Wages Act retaliation claim and his related AEPA claim.

retaliate or discriminate against an employee who has exercised their right to request or use earned paid sick time. A.R.S. § 23-374(B). If an employer takes adverse action against a person within ninety days of the person's use of paid sick time, it "shall raise a presumption that such action was retaliation[.] A.R.S. § 23-364(B). This presumption can only be rebutted "by clear and convincing evidence that such action was taken for other permissible reasons." *Id*.

Summary judgment is denied as to this claim. Defendant argues that the resolution of Plaintiff's Fair wages claim is by necessity tied to the resolution of his FMLA claim. However, the Court disagrees. In the context of the FMLA interference claim it was Plaintiff's burden to prove entitlement to FMLA. Because he did not provide any valid certificate, he failed to establish an element essential to his claim. However, in the context of Plaintiff's Fair Wages retaliation claim, the elements and burden differ. It is uncontested that Plaintiff was terminated within ninety days of using earned paid sick leave. As such, the burden is on the Defendant to show by clear and convincing evidence that Plaintiff's termination resulted from a permissible reason rather than from a retaliatory motive. The Court finds there are questions of fact as to whether Plaintiff was fired for a permissible reason rather than in retaliation. In reaching this determination, the Court found it relevant that Defendant informed Plaintiff he was not even allowed to return to work without being cleared by a medical professional and then terminated him for not returning to work until he had such clearance. (Doc. 46-1 at 33.)

**C. Arizona Employment Protections Act**

Plaintiff argues he is entitled to summary judgment on his claim under the Arizona Employment Protection Act ("AEPA") because he was terminated in violation of an Arizona Law. A.R.S. §§ 23-1501—23-1502. Defendant argues it is entitled to summary judgment because Plaintiff cannot bring any claim under that statute. Under the AEPA,

> an employee has a claim against an employer for termination of employment…if…[t]he employer has terminated the employment relationship of an employee in violation of a statute of this state. *If the statute provides a remedy to an employee for a violation of the statute, the remedies*

*provided to an employee for a violation of the statute are the exclusive remedies* for the violation of the statute or the public policy set forth in or arising out of the statute.

A.R.S. § 23-1501(A)(3)(b) (emphasis added).

Plaintiff argues he has an AEPA wrongful termination claim against the Defendant due to Defendant's alleged retaliatory termination in violation of Fair Wages Act. *See* A.R.S. § 23-364(B). However, Defendant points out that the Fair Wages Act provides Plaintiff a remedy. A.R.S. § 23-364(E) ("A civil action to enforce this article may be maintained in a court of competent jurisdiction …by any private party injured by a violation of this article."). Under the terms of the AEPA, this means that Plaintiff has been granted no statutory right to pursue an action for remedies other than those provided by the Fair Wages Act. A.R.S. § 23-1501(A)(3)(b) ("If the statute provides a remedy to an employee…the remedies provided…are the exclusive remedies"). As such, the Court grants Defendant's Motion for Summary Judgment on this claim.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** that the parties' motions for summary judgment, (Docs. 36, 43), are granted in part and denied in part in accordance with the ruling above. The only remaining claim in this case is Plaintiff's retaliation claim under the Arizona Fair Wages and Healthy Families Act.

Dated this 20th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge